[No. G025753. Fourth Dist., Div. Three. July 31, 2000.]

THE PEOPLE, Plaintiff and Respondent, v.
DONALD STEPHEN BECKER, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*This opinion is ordered published in the Official Reports in its entirety except for part II. The last sentence of the opinion, however, is to be published.

## Counsel

Megan A. Richmond, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Laura W. Halgren and Craig S. Nelson, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**BEDSWORTH, J.**—In a four-count information, Donald Stephen Becker and Montoye Jones were charged with conspiring and attempting to commit robbery and burglary. The information also alleged that defendants were armed with a firearm during these offenses and that Becker had suffered a prior strike conviction. Jones pleaded guilty and turned state's evidence. Becker was convicted of the conspiracy counts and the enhancements, but was acquitted of the attempt counts. As a second strike offender, he was sentenced to seven years in prison, representing double the base term of three years, plus one year for the arming enhancement. Becker now contends the arming enhancement cannot be applied to the crime of conspiracy, and the court used the wrong standard in refusing to dismiss his prior strike conviction. Finding these contentions without merit, we affirm the judgment.

On May 5, 1998, Becker called Jones to enlist his help in getting $50,000 from Joseph Rokovich. He told Jones that Rokovich had cheated him out of the money and that he wanted to go to his house to get it back. Jones agreed to help out, once Becker assured him he could get a gun for the job.

That evening, Jones and Becker drove to get the gun and some ammunition. They also had duct tape, gloves and masks in their car. When they arrived at Rokovich's house, Jones went up to the front door with the gun hidden under his sweatshirt. Becker also approached, but he stood off to the side.

Jones rang the doorbell and spoke to Rokovich through a barred security door. Claiming his car broke down, he asked if he could come in and use the phone. Instead, Rokovich dialed the phone for him. When no one answered, Rokovich told Jones he would have to go elsewhere for help. At that point, Jones and Becker abandoned their plan and drove away.

That was not the end of the matter, however. Suspicious of the late-night encounter, Rokovich called the police and reported Jones's visit. Within minutes, patrol officers stopped defendants and placed them under arrest.

## I

■ Becker asserts his conviction for being armed with a firearm must be vacated because that enhancement cannot apply to the offense of conspiracy. He is wrong.

Becker was convicted of violating Penal Code section 12022, subdivision (a)(1), which states: "[A]ny person who is armed with a firearm in the commission or attempted commission of a felony shall, upon conviction of that felony or attempted felony, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which he or she has been convicted, be punished by an additional term of one year, unless the arming is an element of the offense of which he or she was convicted. This additional term shall apply to any person who is a principal in the commission or attempted commission of a felony if one or more of the principals is armed with a firearm, whether or not the person is personally armed with a firearm."

■ This provision is designed " 'to deter persons from creating a potential for death or injury resulting from the very presence of a firearm at the scene of a crime.' " (*People v. Bland* (1995) 10 Cal.4th 991, 996 [43 Cal.Rptr.2d 77, 898 P.2d 391].) Given this objective, it is not necessary that the defendant utilize or even carry a gun. (*Id.* at p. 997.) To trigger the enhancement, the defendant need only have a gun "available for use to further the commission of the underlying felony." (*Id.* at p. 999.) Moreover, when the underlying felony is a continuing offense, it is sufficient if the defendant has a gun available at any time during the felony to aid in its commission. (*Ibid.*)

■ In challenging the enhancement's applicability to the crime of conspiracy, Becker draws our attention to *People v. Miley* (1984) 158 Cal.App.3d 25 [204 Cal.Rptr. 347]. In that case, the underlying felony was solicitation, an offense which is complete when the request is made. (*Id.* at pp. 32-33.) Because the defendant did not have a weapon available at the time of the solicitation, the *Miley* court found the arming enhancement could not be applied to that offense. (*Ibid.*)

■ Conspiracy, the underlying felony in this case, is fundamentally different from the crime of solicitation. It requires both an agreement and an overt act in furtherance of the agreement. (*People v. Morante* (1999) 20 Cal.4th 403, 416 [84 Cal.Rptr.2d 665, 975 P.2d 1071].) It is the classic

example of a continuing offense because by its nature it lasts until the final overt act is complete. (See *Toussie v. United States* (1970) 397 U.S. 112, 122 [90 S.Ct. 858, 864, 25 L.Ed.2d 156]; *U.S. v. McGoff* (D.C. Cir. 1987) 831 F.2d 1071, 1078 [265 App.D.C. 312].)

■ The classification of conspiracy as a continuing offense is important because, as noted, the period during which the arming enhancement may attach to such an offense is very broad: So long as the defendant has a weapon available for use at any point during the course of a continuing offense, his sentence may be enhanced for being armed. (See *People v. Bland, supra,* 10 Cal.4th at p. 999 [arming enhancement imposed on continuing offense of drug possession even though defendant was not present when drugs and gun were seized]; cf. *People v. Lucas* (1997) 55 Cal.App.4th 721, 743 [64 Cal.Rptr.2d 282] [use enhancement properly reduced to arming enhancement where evidence showed defendant temporarily possessed gun during conspiracy].)

There is no question Becker and Jones had a gun available during the course of their conspiracy. Still, Becker insists the arming enhancement should not be applied to that offense because the jury found him not guilty of attempting to rob and burglarize Rokovich. Becker interprets his acquittal on the attempt charges as proof that Rokovich was not in danger from the gun during the course of conspiracy. Absent any threat to Rokovich, Becker submits it would be unreasonable to subject him to the arming enhancement.

Becker's argument is unavailing. He essentially tries to use one part of the verdict to attack another. But the law is clear that each count of a jury verdict stands alone; a verdict as to one count has absolutely no bearing as to another. (Pen. Code, § 954; *People v. Pahl* (1991) 226 Cal.App.3d 1651, 1657 [277 Cal.Rptr. 656].) When we look at the facts surrounding the conspiracy count on their own, it is clear Rokovich was subjected to additional danger by virtue of the defendants being armed. After all, defendants had the gun concealed and at the ready when, as part of their conspiratorial plan, they approached his house to take his money. The fact their scheme was ultimately thwarted and the jury acquitted on the attempt charges is immaterial. What is important is that defendants had a gun available during the commission of the conspiracy and that the gun's presence created an added risk of death or injury. That is enough to justify the arming enhancement.

II*

. . . . . . . . . . . . . . . . . . . . . . . . . .

The judgment is affirmed.

Sills, P. J., and Crosby, J., concurred.

Appellant's petition for review by the Supreme Court was denied November 15, 2000.

---

*See footnote, *ante*, page 294.