Filed 2/18/15  P. v. Demara CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E060121 |
| v. | (Super.Ct.No. SWF028246) |
| EFRAIN GARCIA DEMARA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Mark Mandio, Judge.  Affirmed.

Steve Harmon, Public Defender, and Joshua Knight, Deputy Public Defender, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Senior Assistant Attorney General, Barry Carlton, Supervising Deputy Attorney General, and Warren Williams, Deputy Attorney General, for Plaintiff and Respondent.

This is an appeal by defendant and appellant Efrain Garcia Demara following the trial court's order denying defendant's petition to recall his sentence under the Three

Strikes Reform Act of 2012, added by Proposition 36 (the Act). (Pen. Code,

§ 1170.126.)[1] On appeal, defendant argues that (1) section 667,

subdivision (e)(2)(C)(iii), requires the arming be tethered to and have facilitated the

commission of a separate underlying felony offense; (2) the requirement that a tethered

felony be connected to the arming is consistent with the purpose of the Act; and

(3) possession of methamphetamine while armed with a firearm under Health and Safety

Code section 11370.1 does not require a facilitative nexus between the arming and drug

possession unlike section 667, subdivision (e)(2)(C)(iii). For the reasons explained

below, we will affirm the trial court's order.

I

FACTUAL AND PROCEDURAL BACKGROUND[2]

Defendant has been incarcerated most of his life since turning 15. He was most

recently released from prison in November 2008. After his release, he would usually use

methamphetamine to get up in the morning and use heroin, alcohol, and marijuana later

in the day. On March 20, 2009, defendant's vehicle was stopped by sheriff's deputies.

He admitted being on parole and informed the deputies of a handgun tucked into his

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

[2] The factual background of the underlying offense is taken from this court's nonpublished opinion in defendant's prior appeal following his current convictions (see *People v. Demara* (Oct. 22, 2010, E050456) [nonpubl. opn.]), as well as from the preliminary hearing transcript, which is attached to defendant's request for judicial notice filed May 15, 2014.

2

pants. The handgun had six rounds in its magazine and a round in the chamber. Defendant was carrying 0.50 grams of methamphetamine and a syringe in his pants pockets.

On November 13, 2009, defendant pled guilty to being a felon in possession of a firearm (former § 12021.1, subd. (a); count 1) and possession of methamphetamine while armed with a loaded, operable firearm (Health & Saf. Code, § 11370.1; count 2). Defendant also admitted to having sustained two prior strike convictions (§§ 667, subd. (c) & (e)(2)(A), 1170.12, subd. (c)(2)(A)) and two prior prison terms (§ 667.5, subd. (b)). The prior allegations stemmed from a 2000 robbery (§ 211) conviction and a 1998 assault with a deadly weapon (§ 245, subd. (a)(1)) conviction.

The sentencing hearing was held on January 21, 2010. At that time, the trial court denied defendant's motion to dismiss his prior strike convictions pursuant to section 1385 and *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*), and sentenced defendant to a total term of 25 years to life in state prison.

On November 6, 2012, the electorate passed Proposition 36, also known as the Act. Among other things, this ballot measure enacted section 1170.126, which permits persons currently serving an indeterminate life term under the "Three Strikes" law to file a petition in the sentencing court seeking to be resentenced to a determinate term as a second striker. (§ 1170.126, subd. (f).) If the trial court determines, in its discretion, that the defendant meets the criteria of section 1170.126, subdivision (e), the court may resentence the defendant. (§ 1170.126, subds. (f), (g).)

Section 1170.126, subdivision (e), provides, as pertinent here, that a defendant is eligible for resentencing if he or she is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of section 667 or subdivision (c) of section 1170.12 "for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7." (§ 1170.126, subd. (e)(1).) The Act makes ineligible for resentencing those persons who "[d]uring the commission of the current offense, the defendant used a firearm, [or] was armed with a firearm . . . ." (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii); see § 1170.126, subd. (e).)

On December 6, 2012, defendant, in pro. per., sent a letter to the court, noting he may be eligible for resentencing under the Act. On December 14, 2012, the court appointed a public defender to represent defendant. On April 26 and 29, 2013, defendant's counsel filed a brief for resentencing under section 1170.126. The People filed oppositions to defendant's petition on March 15 and May 10, 2013. The People opposed the petition on the ground that defendant was statutorily ineligible for resentencing under the Act because during the commission of his commitment offenses, defendant was armed with a firearm. The People also opposed the petition on the basis that defendant continued to pose an unreasonable risk of danger to public safety based on his past criminal behavior and continued criminal behavior while incarcerated.

The trial court heard the petition on November 18, 2013. Following argument from the parties, the trial court denied the petition, finding defendant ineligible for resentencing under section 1170.126, because during his commitment

offenses, defendant was armed with a firearm within the meaning of section 667, subdivision (e)(2)(C)(iii). The trial court explained: ". . . I took a plea in this case, and I did not—there was no evidentiary hearing before me. However, in doing so, a *Romero* Motion was filed in which both sides set forth a statement of facts, and those facts were indisputed [*sic*]. I don't think I have to push those undisputed set of facts from my mind and say I don't know that he was in fact armed personally. In other words, there was a pistol either in his belt, or in his waistband which was loaded, and one also on his girlfriend. And they were both in a car together when they were stopped. And he admitted that I think that both firearms were his, but certainly the one in his possession was his. [¶] Putting that aside, though, and I think I can make that determination, because I heard the *Romero* Motion, and because that set of facts was undisputed. Even if I'm not correct about that, it appears to me that it's the only information I have . . . available to myself is the guilty plea to a violation of Health and Safety Code [section] 11370.1. That is sufficient because the elements of the crime require that the defendant possess a controlled substance while he has a loaded, operable firearm available for immediate offensive or defensive use."

Defendant timely filed an appeal on November 26, 2013.  We note that in

*Teal v. Superior Court* (2014) 60 Cal.4th 595, 597, our Supreme Court recently

concluded decisions under the "Three Strikes Reform Act" are appealable orders.[3]

II

DISCUSSION

A.     *The Act Generally*

"The Act amended sections 667 and 1170.12 and added section 1170.126; it

changed the requirements for sentencing some third strike offenders.  'Under the original

version of the three strikes law a recidivist with two or more prior strikes who is

convicted of any new felony is subject to an indeterminate life sentence.  The Act diluted

the three strikes law by reserving the life sentence for cases where the current crime is a

serious or violent felony or the prosecution has pled and proved an enumerated

disqualifying factor.  In all other cases, the recidivist will be sentenced as a second strike

offender.  [Citations.]  The Act also created a postconviction release proceeding whereby

a prisoner who is serving an indeterminate life sentence imposed pursuant to the three

strikes law for a crime that is not a serious or violent felony and who is not disqualified,

may have his or her sentence recalled and be sentenced as a second strike offender unless

the court determines that resentencing would pose an unreasonable risk of danger to

public safety.  (§ 1170.126.)' "  (*People v. Brimmer* (2014) 230 Cal.App.4th 782, 791

---

[3]  As such, we reject the People's initial claim that a denial of a defendant's petition for recall of sentence under section 1170.126 is not appealable.

6

[Fourth Dist., Div Two] (*Brimmer*), quoting *People v. Yearwood* (2013) 213 Cal.App.4th 161, 167-168 (*Yearwood*).)

"Thus, there are two parts to the Act:  the first part is prospective only, reducing the sentence to be imposed in future three strike cases where the third strike is not a serious or violent felony [citations]; the second part is retrospective, providing similar, but not identical, relief for prisoners already serving third strike sentences in cases where the third strike was not a serious or violent felony (Pen. Code, § 1170.126.)." (*People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279, 1292 (*Kaulick*), italics omitted.) "The main difference between the prospective and the retrospective parts of the Act is that the retrospective part of the Act contains an 'escape valve' from resentencing for prisoners whose release poses a risk of danger." (*Id*. at p. 1293.)

We agree with defendant that his current commitment felony offenses of felon in possession of a firearm and possession of methamphetamine while armed with a firearm are not serious or violent felonies under section 667.5, subdivision (c), or section 1192.7, subdivision (c).  However, the inquiry does not end with whether or not the current conviction is a serious or violent felony.  As previously noted, an inmate is eligible for such resentencing if none of his or her commitment offenses constitute serious or violent felonies *and* none of the enumerated factors disqualifying a defendant for resentencing under the Act apply.  (§ 1170.126, subd. (e).)

Being armed with a firearm during the commission of a current offense is a disqualifying factor listed in section 667, subdivision (e)(2)(C)(iii), and section 1170.12,

7

subdivision (c)(2)(C)(iii).**4**  Here, only the second resentencing eligibility criterion set forth in section 1170.126, subdivision (e)(2), is at issue in this appeal.**5**  Thus, under the plain language of the armed-with-a-firearm exclusion, defendant is ineligible for resentencing relief as a second strike offender if his life sentence was "imposed" because "[d]uring the commission of the current offense, [he] . . . was armed with a firearm." (§§ 667, subd. (e)(2)(C)(iii) & 1170.12, subd. (c)(2)(C)(iii), both cross-referenced in § 1170.126, subd. (e)(2).)

"In approving the Act, the voters found and declared that its purpose was to prevent the early release of dangerous criminals and relieve prison overcrowding by

---

**4**  Section 667, subdivision (e)(2)(C)(iii), provides:  "[(e)(2)](C) If a defendant has two or more prior serious and/or violent felony convictions as defined in subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7 that have been pled and proved, and the current offense is not a serious or violent felony as defined in subdivision (d), the defendant shall be sentenced [as a second strike offender] pursuant to paragraph (1) of subdivision (e) unless the prosecution pleads and proves any of the following:  [¶] . . . [¶] (iii) *During the commission of the current offense, the defendant* used a firearm, [or] *was armed with a firearm . . . .*"  (Italics added.)

Section 1170.12, subdivision (c)(2)(C)(iii), provides:  "[(c)(2)](C) If a defendant has two or more prior serious and/or violent felony convictions as defined in subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7 that have been pled and proved, and the current offense is not a felony described in paragraph (1) of subdivision (b) of this section, the defendant shall be sentenced [as a second strike offender] pursuant to paragraph (1) of subdivision (c) of this section, unless the prosecution pleads and proves any of the following:  [¶] . . . [¶] (iii) *During the commission of the current offense, the defendant* used a firearm, [or] *was armed with a firearm . . . .*"  (Italics added.)

**5**  The first resentencing eligibility criterion set forth in section 1170.126, subdivision (e)(1), is met because defendant is serving an indeterminate life sentence for crimes that (as noted, ante) are not serious or violent felonies.  Neither party raises any issue regarding the third criterion set forth in section 1170.126, subdivision (e)(3), and, thus, we shall not discuss it further.

allowing low-risk, nonviolent inmates serving life sentences for petty crimes, such as shoplifting and simple drug possession, to receive twice the normal sentence instead of a life sentence. (Voter Information Guide, Gen. Elec. (Nov. 6, 2012) text of Prop. 36, § 1, subds. (3), (4) & (5), p. 105 (Voter Information Guide); see *People v. White* (2014) 223 Cal.App.4th 512, 522 . . . (*White*) (review den. Apr. 30, 2014, S217030 [Fourth Dist., Div. One].) The electorate also mandated that the Act be liberally construed to effectuate the protection of the health, safety, and welfare of the people of California. (Voter Information Guide, *supra*, text of Prop. 36, § 7, p. 110; see *White*, *supra*, at p. 522.) Accordingly, we liberally construe the provisions of the Act in order to effectuate its foregoing purposes and note that findings in voter information guides may be used to illuminate ambiguous or uncertain provisions of an enactment. [Citations.]" (*Brimmer*, *supra*, 230 Cal.App.4th at p. 793, citing *White*, *supra*, at p. 522 and *Yearwood*, *supra*, 213 Cal.App.4th at pp. 170-171.)

B.      "*Armed With a Firearm*" *Exclusion*

Defendant argues that the trial court erred in denying his petition for resentencing. While he does not dispute the fact that he was armed with a firearm during his possession of 0.50 grams of methamphetamine, defendant, specifically, asserts that section 667, subdivision (e)(2)(C)(iii), requires the arming be tethered to and have facilitated the commission of a separate underlying felony offense; that there was no evidence in the record of conviction to establish the facilitative nexus; and that the requirement that a tethered felony be connected to the arming is consistent with the purpose of the Act. He further asserts that possession of methamphetamine while armed with a firearm

9

under Health and Safety Code section 11370.1 does not establish a person was "armed during the commission of the current offense" within the meaning of section 667, subdivision (e)(2)(C)(iii), because Health and Safety Code section 11370.1 does not require a facilitative nexus unlike section 667, subdivision (e)(2)(C)(iii).

In *People v. Bland* (1995) 10 Cal.4th 991 (*Bland*), on which defendant relies, the California Supreme Court held that the arming enhancement under section 12022 "requires both that the 'arming' take place during the underlying crime and that it have some 'facilitative nexus' to that offense." (*Bland*, at p. 1002, italics omitted.) The court concluded that "a defendant convicted of a possessory drug offense [is] subject to this 'arming' enhancement when the defendant possesses both drugs and a gun, and keeps them together, but is not present when the police seize them from the defendant's house." (*Id*. at p. 995.) Under the reasoning in *Bland*, for a defendant to be "armed" for purposes of section 12022's additional penalties, he or she must have a firearm "*available for use to further the commission of the underlying felony*." (*Bland*, at p. 999, italics added.) "[W]hen the underlying felony is a continuing offense, it is sufficient if the defendant has a gun available at any time during the felony to aid in its commission." (*People v. Becker* (2000) 83 Cal.App.4th 294, 297.)

Having a gun available does further or aid in the commission of the crime of possession of methamphetamine. As our Supreme Court in *Bland*, *supra*, 10 Cal.4th 991, concluded: "With respect to felony drug possession, a defendant is armed 'in the commission' of that crime so long as the defendant had the firearm available for use in furtherance of the drug offense at some point during the defendant's possession of the

10

drugs. Thus, by specifying that the added penalty applies only if the defendant is armed with a firearm 'in the commission' of the felony offense, section 12022 implicitly requires both that the 'arming' take place during the underlying crime and that it have some 'facilitative nexus' to that offense. *Evidence that a firearm is kept in close proximity to illegal drugs satisfies this 'facilitative nexus' requirement*: a firearm's presence near a drug cache gives rise to the inference that the person in possession of the drugs kept the weapon close at hand for 'ready access' to aid in the drug offense." (*Id*. at p. 1002, italics omitted and added.) The record of conviction in this case undisputedly shows that is exactly what occurred. Defendant here was found with a loaded, operable firearm tucked in his pants and methamphetamine in his pants pocket. The gun was available for ready use "in the commission of" and/or "during the commission of" his possession of methamphetamine to defend himself and his illegal drug cache. Based on the proximity of the loaded gun and the methamphetamine, the "facilitative nexus" between the arming and the possession of methamphetamine was satisfied.

Even if we assume for the sake of argument the record of conviction did not demonstrate a facilitative nexus between the arming and the possession of methamphetamine, the Act does not require such a facilitative nexus or a "tethered" felony. Contrary to defendant's assertions, the pertinent language contained in the Act and section 12022 is not "identical." Unlike section 12022, which requires that a defendant be armed "*in the commission of*" a felony for additional punishment to be imposed (italics added), the Act disqualifies an inmate from eligibility for lesser punishment if he or she was armed with a firearm "*during the commission of*" the current

11

offense (italics added). " 'During' is variously defined as 'throughout the continuance or course of' or 'at some point in the course of.' (Webster's 3d New Internat. Dict. (1993) p. 703.)" (*People v. Osuna* (2014) 225 Cal.App.4th 1020, 1032 (*Osuna*).) Thus, there must be a temporal nexus between the arming and the underlying felony, not a facilitative one. The two are not the same. (*Bland*, *supra*, 10 Cal.4th at p. 1002 [" 'in the commission' of" requires both that " 'arming' " occur during underlying crime and that it have facilitative nexus to offense].)

Following this reasoning, defendant was armed with a firearm during his possession of the methamphetamine. Even if not a facilitative nexus, there was a temporal nexus. Since the Act uses the phrase "[d]uring the commission of the current offense," and not in the commission of the current offense (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii)), and since at issue is not the imposition of additional punishment but rather eligibility for reduced punishment, we conclude the plain language of the Act disqualifies an inmate from resentencing if he or she was armed with a firearm during the unlawful possession of methamphetamine or the unlawful possession of that firearm for being a felon in possession of a firearm.[6]

Our conclusion that the Act merely requires a temporal nexus between the commitment offense and the firearm use or arming is supported by a recently published opinion from this court and several published opinions from other appellate courts. In

---

[6] Although not argued by defendant, for these same reasons and the rationale explained in our opinion in *Brimmer*, *supra*, 230 Cal.App.4th at pp. 795-799, we would find defendant ineligible for resentencing also due to his current commitment offense of being a felon in possession of a firearm.

fact, defendant's exact arguments were rejected in October 2014 by this court in *Brimmer*, *supra*, 230 Cal.App.4th at pp. 795-799; by our colleagues in Division One of the Fourth Appellate District in *White*, *supra*, 223 Cal.App.4th 512; and more recently in April 2014 by our colleagues in the Fifth Appellate District in several published decisions.

In *Brimmer*, *supra*, 230 Cal.App.4th 782, following an analysis of the firearm enhancement statutes, we held: "a defendant is armed if the gun has a facilitative nexus with the underlying offense (i.e., it *serves* some purpose in connection with it); however, this requires only that the defendant is aware during the commission of the offense of the nearby presence of a gun available for use offensively or defensively, the presence of which is not a matter of happenstance. This does not require any intent to use the gun for this purpose." (*Id.* at pp. 794-795, citing *People v. Pitto* (2008) 43 Cal.4th 228, 239-240, italics in original.) We further explained: "Although the crime of possession of a firearm by a felon may involve the act of personally carrying or being in actual physical possession of a firearm, as occurred here, such an act is not an essential element of a violation of former section 12021, subdivision (a), because a conviction of this offense may also be based on a defendant's constructive possession of a firearm. [Citations.] . . . Hence, while the act of being armed with a firearm—that is, having ready access to a firearm (*Bland*, *supra*, 10 Cal.4th at p. 997)—necessarily requires possession of the firearm, possession of a firearm does not necessarily require that the possessor be armed with it." (*Brimmer*, at p. 795, citing *People v. Sifuentes* (2011) 195 Cal.App.4th 1410, 1417 [a conviction for possession of a gun can also be based on

constructive possession of the gun] and *People v. Mejia* (1999) 72 Cal.App.4th 1269, 1272 [defendant need not physically have the weapon on his person; constructive possession of a firearm "is established by showing a knowing exercise of dominion and control" over it].)

In *Brimmer*, *supra*, 230 Cal.App.4th 782, the defendant was convicted of being a felon in possession of a firearm (former § 12021, subd. (a)(1)) and possession of a short-barreled shotgun (former § 12020, subd. (a)) and was sentenced to 25 years to life. Following the passage of the Act, the defendant filed a petition for resentencing under section 1170.126. The trial court granted defendant's petition, and the People appealed. (*Brimmer*, at pp. 788-789.) On appeal, the defendant argued that possessory offenses can never fall under the armed with a firearm exclusion, because one cannot use, or be armed with a firearm "during the commission" of such offenses without another separate or tethering offense. (*Id*. at p. 797.) We rejected the defendant's claim, noting the record of conviction in that case showed the defendant not only possessed the shotgun, but also that he was armed with the shotgun during his commission of his current possessory offenses. The record showed that the defendant was armed with an unloaded shotgun while arguing with or threatening his girlfriend during his possession of that shotgun. (*Id*. at pp. 795-798.)

*White* deemed it appropriate for the court to look beyond the crime for which the defendant had been sentenced to determine whether the "armed-with-a-firearm" exception to resentencing applied. (*White*, *supra*, 223 Cal.App.4th at p. 523.) There, the defendant had been convicted and sentenced as a felon in possession of a firearm. The

court recognized that "possession of a firearm does not necessarily require that the possessor be armed with it" (*id*. at p. 524), but affirmed the denial of resentencing because the record of conviction showed that the prosecution's case was not based on the theory that the defendant was guilty of possession of a firearm by a felon because he had constructive possession of the firearm; it was based on the theory that he was guilty of that offense because he had actual physical possession of the firearm. (*Id*. at p. 525.)

In April 2014, the Fifth District published four cases germane to the issues raised by defendant: *People v. Superior Court* (*Cervantes*) (2014) 225 Cal.App.4th 1007, 1011 (*Cervantes*); *People v. Superior Court* (*Martinez*) (2014) 225 Cal.App.4th 979, 984-985 (*Martinez*); *Osuna, supra,* 225 Cal.App.4th at p. 1026; and *People v. Blakely* (2014) 225 Cal.App.4th 1042, 1048 (*Blakely*). The California Supreme Court denied review in all of these cases on July 9, 2014.

In *Blakely*, the court held that a defendant convicted of being a felon in possession of a firearm is not automatically disqualified from resentencing because of that conviction. Such a defendant is disqualified for resentencing only if he or she had the firearm available for offensive or defensive use.[7] (*Blakely*, *supra*, 225 Cal.App.4th at pp. 1048, 1056-1063.) In *Cervantes* and *Martinez*, the court held a defendant may be barred from resentencing and is armed with a firearm even if he or she was not carrying a firearm on his or her person. (*Cervantes*, *supra*, 225 Cal.App.4th at pp. 1011-

---

[7] In addition to applying standard principles of statutory construction in the court's analysis of section 1170.126 in *Blakely*, the court also considered the rule of lenity which defendant argues is operative here. (*Blakely*, *supra*, 225 Cal.App.4th at pp. 1053-1054.)

15

1018; *Martinez*, *supra*, 225 Cal.App.4th at pp. 984-985, 989-995.) In *Martinez*, the question before the court was whether during the commission of violating Health and Safety Code section 11370.1, subdivision (a), the defendant " 'was armed with a firearm' " within the meaning of sections 667, subdivision (e)(2)(C)(iii) and 1170.12, subdivision (c)(2)(C)(iii), even if the defendant did not have actual possession of the firearm. (*Martinez*, *supra*, 225 Cal.App.4th at p. 990.)

In *Osuna*, *supra*, 225 Cal.App.4th 1020, the court held that where there are facts in the record of conviction showing the defendant was armed with a firearm—meaning it was available for immediate offensive or defensive use—during the commission of the defendant's current offense, the defendant is disqualified from resentencing under the Act even though he or she was convicted of possessing the firearm and not of being armed with it. The court further concluded that being armed with a firearm during the commission of the current offense for the purposes of the Act does not require that the possession be "tethered" to or have some "facilitative nexus" to an underlying felony. (*Osuna*, at pp. 1026-1040.) The court explained: "unlike section 12022, which requires that a defendant be armed '*in* the commission of' a felony for additional punishment to be imposed (italics added), the Act disqualifies an inmate from eligibility for lesser punishment if he or she was armed with a firearm '*during* the commission of' the current offense (italics added). 'During' is variously defined as 'throughout the continuance or course of' or 'at some point in the course of.' [Citation.] In other words, it requires a temporal nexus between the arming and the underlying felony, not a facilitative one. The

16

two are not the same. [Citation.]" (*Id*. at p. 1032; accord, *Brimmer*, *supra*, 230 Cal.App.4th at pp. 798-799.)

Although defendant was not per se prohibited under the Act from making a motion for resentencing, the fact that defendant had a firearm in his pants—for offensive or defensive use at the time of his arrest for being a felon in possession of a firearm and possession of methamphetamine while armed with a firearm—meant defendant was armed with a firearm. This being so, defendant was disqualified from consideration for resentencing pursuant to the Act.

Defendant argues *White* is not binding on this court and it was wrongly decided. He also asserts the reasoning in *Osuna* and *Martinez* was flawed and therefore should not be followed. We reject defendant's contentions and adhere to the analysis articulated in *White*, *Osuna*, and *Martinez*, as we did in *Brimmer*. In his reply brief, defendant also argues that this case should be remanded because the trial court "never assessed eligibility based on the relevant, reliable, admissible portions of the record of conviction," and instead deemed defendant ineligible based solely on the elements of the crime. Similar arguments were considered and rejected by this court in *Brimmer*. (*Brimmer*, *supra*, 230 Cal.App.4th at pp. 799-803.) Moreover, the facts were undisputed. The court based its finding on the undisputed evidence. There was never any dispute—at the time defendant pled guilty, at the time of the initial sentencing hearing, on appeal, or at the time of the petition for resentencing hearing—that defendant had in his pants a loaded firearm, as well as, methamphetamine in his pants pocket. This evidence, derived from the unpublished opinion in defendant's prior appeal, the preliminary hearing

17

transcript attached to defendant's request for judicial notice, and the transcript of the plea hearing attached to defendant's reply to the People's opposition to motion to recall sentence, is a sufficient basis to deny the motion.  (See *Blakely*, *supra*, 225 Cal.App.4th at pp. 1061-1063; see also *Osuna*, *supra*, 225 Cal.App.4th at p. 1040; *Cervantes*, *supra*, 225 Cal.App.4th at pp. 1011-1018; *Martinez*, *supra*, 225 Cal.App.4th at pp. 989-995.)

The trial court concluded that defendant was ineligible for resentencing under the Act.  The trial court's ruling is supported by the record.  And, based on the foregoing, we find no error in the trial court's ruling.

III

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:


McKINSTER
J.


MILLER
J.

18