Filed 3/21/16  P. v. Jones CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TERRILL DION JONES,<br><br>    Defendant and Appellant. | B264689<br><br>(Los Angeles County<br>Super. Ct. No. NA024359) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  William C. Ryan, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Victoria B. Wilson, Supervising Deputy Attorney General, and Noah P. Hill, Deputy Attorney General, for Plaintiff and Respondent.

_____

Terrill Dion Jones appeals the denial of his Proposition 36 (Three Strikes Reform Act of 2012) petition to recall his third strike indeterminate life sentence of 25 years to life in prison. (Pen. Code, § 1170.126.)[1] Appellant contends the trial court erred in determining that appellant was ineligible for recall and resentencing under section 1170.126 based on the court's factual finding that appellant was armed during the commission of the crime of possession of a firearm by a felon.[2] We disagree and affirm the denial of appellant's petition to recall his sentence and resentence him as a second strike offender.

### FACTUAL AND PROCEDURAL BACKGROUND

On April 30, 1995, appellant attempted to enter a nightclub in Long Beach, but was stopped at the door by two security guards. Appellant left the nightclub, but pulled up three or four minutes later in a car and motioned for the security guards to leave their post to talk with him. Another security guard approached appellant's vehicle and saw the handle of a handgun under a towel on the passenger seat within appellant's reach. Appellant was detained, and police recovered a loaded .38-caliber revolver from the front passenger seat of appellant's car.

In September 1995, a jury convicted appellant of possession of a firearm by a felon. (§ 12021, subd. (a)(1).) The jury also found true allegations that appellant had suffered three prior convictions under the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)) and had served one prior prison term (§ 667.5, subd. (b)). The trial court sentenced appellant to a third-strike term of 25 years to life in prison pursuant to the Three Strikes law.[3]

---

[1] Undesignated statutory references are to the Penal Code.

[2] Former section 12021, subdivision (a)(1), now codified as section 29800, subdivision (a)(1).

[3] On December 10, 1996, this court affirmed appellant's conviction and sentence in a nonpublished opinion, B099211.

On February 15, 2013, appellant filed a petition in the trial court for recall of his sentence and for resentencing as a second strike offender under Proposition 36. Following a hearing on appellant's eligibility for relief under section 1170.126, the trial court denied the petition on the ground that "during the commission of the current offense [appellant] was armed with a firearm." (§§ 667, subd. (c)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii), 1170.126, subd. (e)(2).)

## DISCUSSION

**Appellant Is Ineligible for Resentencing Because He Was Armed During the Commission of the Offense of Possession of a Firearm by a Felon**

### A. *The Three Strikes Reform Act of 2012*

On November 6, 2012, California voters passed Proposition 36, the Three Strikes Reform Act of 2012 (the Act), which amended the Three Strikes law with respect to defendants whose current conviction (the offense for which the third-strike sentence was imposed) is for a felony that is neither serious nor violent. (*People v. Johnson* (2015) 61 Cal.4th 674, 679, 681 (*Johnson*); *People v. Burnes* (2015) 242 Cal.App.4th 1452, 1457–1458; *People v. Yearwood* (2013) 213 Cal.App.4th 161, 167–168.) The Act amended sections 667 and 1170.12, and added section 1170.126, subdivision (b), authorizing a prisoner serving a third-strike indeterminate life sentence to petition the trial court for recall of the sentence and for resentencing as a second-strike offender. (*Johnson*, at pp. 679–680.)

Not every third-strike offender whose current offense is neither serious nor violent qualifies for resentencing under the Act, however. The Act disqualifies any inmate whose current offense was any of several specified crimes or if "[d]uring the commission of the current offense," the defendant was armed with a firearm or deadly weapon. (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii) (hereinafter "subdivision (iii)"); *Johnson*, *supra*, 61 Cal.4th at p. 682; *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1028–1029 (*Osuna*); *People v. Brimmer* (2014) 230 Cal.App.4th 782, 791–793.)

**B.** *Appellant Was "Armed with a Firearm" During the Commission of the Offense, and Is Therefore Ineligible for Relief Under the Act*

Appellant contends that according to the plain language of the Act, the ineligibility factors listed in subdivision (iii) must be construed as in addition to, and not simply coextensive with, the elements of the current offense. He asserts that both the statutory construction and a grammatical analysis of the statute support this interpretation, and asserts that because the Act does not disqualify inmates serving sentences for mere gun possession, a "simple violation of Penal Code section 12021 is not covered." He further contends that the reference to being armed with a firearm "during the commission of the current offense" only makes sense if there is *another* offense to which the arming attaches, or is "tethered," and the arming must have a "facilitative nexus" to that underlying offense. He concludes that an interpretation of the statute that allows a person to be considered armed with a firearm while committing the crime of possession of the same firearm would render the "during the commission" language meaningless. We disagree.

The basic flaw in appellant's argument is his explicit assumption that the crime of possession of a firearm "always involves arming." Not so. While being armed with a firearm invariably involves possession, the reverse is not always true. Former section 12021 "made it a felony for a person previously convicted of a felony to own or have in his or her possession or under his or her custody or control, any firearm. The elements of this offense are conviction of a felony and ownership or knowing possession, custody, or control of a firearm." (*People v. Blakely* (2014) 225 Cal.App.4th 1042, 1052 (*Blakely*); *Osuna*, *supra*, 225 Cal.App.4th at p. 1029; *People v. Snyder* (1982) 32 Cal.3d 590, 592.) "'A defendant possesses a weapon when it is under his dominion and control. [Citation.] A defendant has actual possession when the weapon is in his immediate possession or control. He has constructive possession when the weapon, while not in his actual possession, is nonetheless under his dominion and control, either directly or through others. [Citations.]' [Citation.] 'Implicitly, the crime is committed the instant the felon in any way has a firearm within his control.' [Citation.]" (*Osuna*, *supra*, at pp. 1029–

4

1030; see also *Henderson v. United States* (2015) ___ U.S. ___, ___ [135 S.Ct. 1780, 1784] [actual possession of a firearm exists when a person has direct physical control over the firearm, whereas constructive possession occurs when a person still has the power and intent to exercise control over the firearm, while lacking such physical custody].)

"'Armed with a firearm' has been statutorily defined and judicially construed to mean having a firearm available for use, either offensively or defensively. (E.g., § 1203.06, subd. (b)(3); Health & Saf. Code, § 11370.1, subd. (a); *People v. Bland* (1995) 10 Cal.4th 991, 997 (*Bland*) [construing § 12022].)" (*Osuna*, *supra*, 225 Cal.App.4th at p. 1029; *People v. Pitto* (2008) 43 Cal.4th 228, 236; *People v. Mendival* (1992) 2 Cal.App.4th 562, 574 ["It is the availability—the ready access—of the weapon that constitutes arming"].) However, "[a] firearm can be under a person's dominion and control without it being available for use." (*Osuna*, at p. 1030.) Accordingly, because possessing a firearm does not necessarily constitute being armed with a firearm, a defendant whose current offense is mere possession of a firearm by a felon is not automatically ineligible for resentencing by virtue of that conviction. (*Blakely*, *supra*, 225 Cal.App.4th at p. 1052; *People v. Elder* (2014) 227 Cal.App.4th 1308, 1313 (*Elder*); *People v. White* (2014) 223 Cal.App.4th 512, 524 (*White*).)

Relying on the Supreme Court's discussion of arming in the context of section 12022,[4] appellant asserts that *Bland* "explained that arming is found if the weapon is available for use at any time, 'during the commission of the offense.'" (See *Bland*, *supra*, 10 Cal.4th at pp. 999, 1001–1003; see also *Osuna*, *supra*, 225 Cal.App.4th at p. 1031.) Thus, according to appellant, the definition of arming includes an underlying offense beyond the substantive offense of possession alone.

---

[4] Section 12022 provides for the imposition of an additional and consecutive term for anyone armed with a firearm "in the commission of a felony," unless arming is an element of the offense. (*Bland*, *supra*, 10 Cal.4th at p. 995.)

As other courts have observed in responding to the same argument, however, appellant "would be correct if we were concerned with imposing an arming enhancement—an additional term of imprisonment added to the base term, for which a defendant cannot be punished until and unless convicted of a related substantive offense." (*People v. Hicks* (2014) 231 Cal.App.4th 275, 283 (*Hicks*); *Osuna*, *supra*, 225 Cal.App.4th at p. 1030.) The error in appellant's reasoning "rests on its conflating the *criterial definition* of an ineligible *offense* (being armed during the commission of such offense) with the derivative nature of the armed *enhancement* (which requires being armed *in* the commission of an offense)." (*Elder*, *supra*, 227 Cal.App.4th at p. 1313; see also *Osuna*, at pp. 1031–1032.)

Appellant criticizes *Osuna* and cases following it for drawing a distinction between the phrases "*during* the commission of the current offense," used in subdivision (iii), and "*in* the commission of a felony" as interpreted by the court in *Bland* in the context of section 12022. As *Osuna* explained: "'During' is variously defined as 'throughout the continuance or course of' or 'at some point in the course of.' (Webster's 3d New Internat. Dict. (1986) p. 703.) In other words, it requires a temporal nexus between the arming and the underlying felony, not a facilitative one." (*Osuna*, *supra*, 225 Cal.App.4th at p. 1032.) According to appellant, this is a distinction without a difference because the two words—"during" and "in"—are frequently used interchangeably. But the California Supreme Court has explained that the statutory phrase "in the commission of" used in section 12022 requires that "'the "arming" take place *during* the underlying crime *and* that it have some "*facilitative nexus*" to that offense.'" (*Bland*, *supra*, 10 Cal.4th at p. 1002, second italics added; *In re Tameka C.* (2000) 22 Cal.4th 190, 197–198 ["Similarly, we have concluded that the phrase 'in the commission of' a felony, as used in section 12022.5, means during *and* in furtherance of the felony," italics added].) Thus, "[t]o trigger the enhancement, the defendant need only have a gun 'available for use *to further the commission* of the underlying felony.' ([*Bland*,] at p. 999.)" (*People v. Becker* (2000) 83 Cal.App.4th 294, 297, italics added.)

6

As the courts in *Osuna*, *Elder*, *Hicks*, and *Brimmer* held, we also conclude that "armed with a firearm" "*during* the commission of the current offense" does not require a facilitative nexus between arming and the underlying offense. Rather, ineligibility for relief under the Act occurs when the arming is contemporaneous with the current offense, but does not necessarily further or aid in the commission of that offense. "Since the Act uses the phrase '[d]uring the commission of the current offense,' and not in the commission of the current offense ([subdivision (iii)]), and since at issue is not the imposition of additional punishment but rather eligibility for reduced punishment, we conclude the literal language of the Act disqualifies an inmate from resentencing if he or she was armed with a firearm during the unlawful possession of that firearm." (*Osuna*, *supra*, 225 Cal.App.4th at p. 1032; *Elder*, *supra*, 227 Cal.App.4th at pp. 1312–1313; *Hicks*, *supra*, 231 Cal.App.4th at p. 284; *Brimmer*, *supra*, 230 Cal.App.4th at p. 799.)

In the present case, the evidence adduced at trial established that appellant had a loaded firearm next to him on the passenger seat of his vehicle. Appellant was thus in actual, not constructive, possession of a firearm. Because the weapon was available for use at any time "during the commission of the offense," appellant was clearly "armed," and is ineligible for relief under the Act. (*Bland*, *supra*, 10 Cal.4th at pp. 999, 1001–1003; see also *Osuna*, *supra*, 225 Cal.App.4th at p. 1031.)

Appellant acknowledges that appellate courts have consistently rejected his argument that the factors listed in subdivision (iii) must be tethered to another offense, and one cannot be "armed" while committing the crime of possession of the same weapon. He contends, however, that these cases were wrongly decided, and invites us to hold that "arming" within the meaning of subdivision (iii) requires both that the firearm be available and have a facilitative nexus to the crime upon which the defendant has been sentenced. We join the consensus among California courts that the ineligibility factor of being armed with a firearm during the commission of the current offense applies whenever the record shows the defendant was in actual physical possession of the firearm, and therefore decline appellant's invitation.

Characterizing section 12021 as a "low-level felony," appellant further argues that it is inconsistent with the purpose of the Act to construe subdivision (iii) to deny relief to anyone who had access to a weapon during the commission of a nonviolent crime without requiring that such access be for the purpose of furthering another criminal act. We disagree. "In interpreting a voter initiative like [the Act], we apply the same principles that govern statutory construction. [Citation.]" (*People v. Rizo* (2000) 22 Cal.4th 681, 685.) "'"The fundamental purpose of statutory construction is to ascertain the intent of the lawmakers so as to effectuate the purpose of the law."' [Citation.] We begin with the language of the statute, to which we give its ordinary meaning and construe in the context of the statutory scheme. If the language is ambiguous, we look to other indicia of voter intent. [Citations.]" (*Johnson*, *supra*, 61 Cal.4th at p. 682; *Blakely*, *supra*, 225 Cal.App.4th at p. 1053.)

As set forth above, we find that the Act explicitly disqualifies any inmate from resentencing who was armed with a firearm during the unlawful possession of that firearm. (*Osuna*, *supra*, 225 Cal.App.4th at p. 1032.) Moreover, our reading of the Act comports with the voters' intent. The intent underlying the Act is "to provide resentencing relief to low-risk, nonviolent inmates serving life sentences for petty crimes, such as shoplifting and simple drug possession. (Voter Information Guide, [Gen. Elec. (Nov. 6, 2012)] text of Prop. 36, § 1, subds. (3), (4) & (5), p. 105.)" (*White*, *supra*, 223 Cal.App.4th at p. 526.) "It is clear the electorate's intent was not to throw open the prison doors to *all* third strike offenders whose current convictions were not for serious or violent felonies, but only to those who were perceived as nondangerous or posing little or no risk to the public. A felon who has been convicted of two or more serious and/or violent felonies in the past, and most recently had a firearm readily available for use, simply does not pose little or no risk to the public." (*Osuna*, *supra*, 225 Cal.App.4th at p. 1038.) As our Supreme Court has recognized, "'a firearm that is available for use as a weapon creates the very real danger it will be used.' [Citation.]" (*Bland*, *supra*, 10 Cal.4th at p. 997; *Brimmer*, *supra*, 230 Cal.App.4th at p. 799.) In light of the fact that appellant was armed with a firearm during the commission of his offense, he does not fall

into the category of a low-risk, nonviolent offender, and his crime cannot be deemed a petty or minor crime for purposes of resentencing under the Act.

The trial court properly determined that appellant is ineligible for recall and resentencing under Proposition 36.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


LUI, J.

We concur:


ROTHSCHILD, P. J.


JOHNSON, J.